UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANNY NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-161 |
| ) | (Phillips/Shirley) |
| A&S BUILDING SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 10] of the Honorable Thomas W. Phillips, United States District Judge, for consideration of Plaintiff's Motion to Remand. [Doc. 2].

The plaintiff Danny Norris moves the Court to remand this action to state court on the grounds that there is no basis for this Court to assert diversity jurisdiction. Specifically, the plaintiff asserts that he has capped his damages in an amount not to exceed $75,000, inclusive of all attorney fees, costs, and any other damages in this case. [Doc. 2].

The defendant A&S Building Systems, Inc. opposes the plaintiff's motion, arguing that the plaintiff's claim for wrongful discharge, which is based on allegations of willful and wanton conduct, reckless disregard and deliberate indifference, could include an award of punitive damages and therefore represents a claim involving an amount in controversy above and beyond $75,000. [Doc. 3].

In his reply [Doc. 4], the plaintiff argues that the complaint clearly states that he has sought no more than $75,000 for compensatory damages, inclusive of all elements, and he denies that he has made or will make any claim for punitive damages in this case.

As a general rule, a civil action brought in state court may be removed to a federal court if the action could have been brought in federal court originally. See 28 U.S.C. §1441(a). The defendants removed this civil action based on diversity of citizenship under 28 U.S.C. § 1332(a)(1), which vests the federal courts with jurisdiction in cases between citizens of different States where the amount in controversy is in excess of $75,000, exclusive of costs and interest. Id. As the moving party, the defendant has the burden of demonstrating that removal was proper. Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 948-49 (6th Cir. 1994). The existence of federal diversity jurisdiction is determined as of the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

In the present case, the plaintiff alleges that he has sustained damages, including loss of earnings and emotional distress, as a result of his wrongful termination. In his complaint, the plaintiff seeks, among other things, the following relief:

> 2. That the Plaintiff be restored to his employment.
>
> 3. That if it is impractical to restore the Plaintiff to his employment, that the Plaintiff be awarded *compensatory damages* as the Court deems proper under the law *not to exceed Seventy-Five Thousand ($75,000.00) Dollars*.
>
>        \*     \*     \*
>
> 4. The Plaintiff be granted *such further and general relief to which he may be entitled* under the law and evidence.

[Complaint at 3] (emphasis added).

"Generally, since the plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal." Gafford v. General Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993). However, under state counterparts to Fed. R. Civ. P. 54(c), a plaintiff may be able to claim in the complaint an amount lower than the federal amount in controversy but still seek and recover damages exceeding the amount prayed for. See Rogers, 230 F.3d at 871. Tennessee has such a rule. Rule 54.03 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Under these circumstances, "the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." Rogers, 230 F.3d at 871. Thus, the burden is on the defendant not to just show that it is possible, but that it is probable that the amount in controversy has been met.

The Court finds that the defendant has not carried its burden of demonstrating that the amount in controversy in this case exceeds $75,000. While the defendant is correct that a claim for punitive damages may be considered in calculating the jurisdictional amount, see Klepper v. First American Bank, 916 F.2d 337, 341 (6th Cir. 1990), no such claim has been specifically made in this case. While the plaintiff may have alleged "willful and wanton" acts on the part of the defendant, such an allegation does not necessarily establish that the plaintiff is seeking punitive damages for the alleged conduct. Although the defendant argues that the plaintiff could conceivably be awarded punitive damages under his prayer for "such further and general relief to which he may be entitled," the defendant has not cited any authority for the proposition that punitive damages may be awarded under such a general prayer, despite not being specifically pled. To the contrary, it is the opinion

3

of this Court that the issue of punitive damages has not been specifically pled and is therefore beyond the scope of the issues set out by the pleadings. See Schockley v. Crosby, 2004 WL 2113052, at *17 (Tenn. Ct. App. Sep. 21, 2004) (finding issues of punitive damages based upon breach of contract was "not within the scope of the issues drawn by the pleadings"). Additionally, the Court notes that the plaintiff has unequivocally stated in the pleadings before this Court that punitive damages have not and will not be sought. While such a stipulation cannot serve as a basis for remand, Rogers, 230 F.3d at 872-73, the Court notes that it is consistent with the prayer for relief in the complaint and with the Court's finding that the amount in controversy has not been shown to be in excess of $75,000.

For the foregoing reasons, it is **RECOMMENDED**[1] that Plaintiff's Motion to Remand [Doc. 2] be **GRANTED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).